h STEWART, J.
In this slip and fall case, the plaintiff, Marilyn Tittle, appeals from a judgment dismissing her lawsuit against the defendant, Brookshires Grocery Company d/b/a Super One Foods (Super One). The trial court concluded that Super One did not breach its duty of care. Finding no error in the trial court’s judgment, we affirm.
FACTS
The slip and fall incident at issue occurred around noon on October 17,1999, at a Super One located on Cypress Street in West Monroe, Louisiana. While operating a forklift and stocking pallets of cooking oil near the front of the store, David Wassack, a Super One utility clerk, dropped a case of oil onto the floor. One or more of the bottles ruptured, resulting in an oil spill on the floor. Anthony Johnson, a retail account representative of Coca-Cola assigned to the Super One store, witnessed the spill while he was stocking a Coca-Cola vending machine at the front of the store. Johnson assisted Wassack with the clean-up.
Wassack placed a wet floor sign, also referred to in the record as a cone, over the spill. He also placed á stock cart over the area of the spill. In addition, Johnson placed his own stock cart in position to block the spill area. Wassack asked Johnson to inform customers about the spill while he went to the back of the store for more wet floor signs and cat litter to absorb the oil. Johnson then commenced directing customer traffic through the register aisles and away from the spill.
*1243 At trial, the plaintiff and Anthony Johnson gave different accounts of what took place upon the plaintiffs entrance into the store. The plaintiff | ¡testified that as she entered the store, she noticed a group of four to six men engaged in conversation while standing around the vending- machines. She hesitated a moment because she thought something had happened in the store. She testified that the men did not notice her or say anything to her, so she “cracked a half smile and walked past them.” She then noticed some Zatarain’s dirty rice mix on a shelf. As she walked over to get a box of dirty rice mix, she fell to the floor and became covered in oil. The plaintiff denied seeing the wet floor sign until after her fall. She testified that the sign was blocked from her view by the men who were standing around the vending machines. She denied seeing any oil on the floor before the fall, and she denied seeing any stock carts in the area of the spill.
Anthony Johnson testified that he warned the plaintiff of the oil spill and she ignored the warning. Johnson testified that he told her about the oil spill and directed her to go through the registers. He further testified that the plaintiff just looked at him and walked on past him. . He explained that he “was in her face” when he warned the plaintiff of the spill and that she acknowledged his warning by looking at him and smirking. He then turned his attention to other customers and thought that the plaintiff had just walked past the spill. Johnson testified that it was not his job to forcibly stop customers. Johnson disputed the plaintiffs claim that a group of men was standing around the vending machines in conversation when she entered the store. He claimed that two other Coca-Cola representatives were standing around while he directed the customer traffic.
| aJohnson also testified that the plaintiff would have had to move the wet floor sign out of the way to get where she was when she fell. Johnson explained that a stock cart was up against the wet floor sign and that another cart was covering the other half of the spill area. Terry Calhoun, a cashier at Super One, heard the plaintiff holler and observed her on the floor after the fall. Calhoun testified that it appeared the plaintiff had kicked one of the stock carts away from the spill when she fell.
Super One employees assisted the plaintiff after the fall and provided first aid for a cut on her elbow. She then continued shopping and drove herself home. After suffering substantial pain allegedly due to the fall and incurring medical bills for treatment of aggravated pre-existing conditions, the plaintiff filed suit against Super One.
The case was tried before the judge. The trial judge found that the oil on the floor presented an unreasonable and foreseeable risk of harm to the plaintiff and that Super One created the risk of harm and had actual notice of it. However, the trial court also found that Super One did not breach the duty of care it owed to the plaintiff. The trial judge concluded that Super One did all it could do in that its employee who caused the spill immediately put out a warning sign, placed a cart in the area of the spill, and directed Johnson to stand guard. Moreover, the trial judge found Johnson’s testimony “compelling.” From the judgment dismissing her lawsuit, the plaintiff now appeals. She argues that the trial court erred in failing to assign any fault to Super One.
| ¿DISCUSSION
The burden of proof which a plaintiff must satisfy when a claim is brought against a merchant for a slip and fall inju *1244 ry is set forth in La. R.S. 9:2800.6(A) and (B) as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless such finding is clearly wrong. Stobart v. State, 92-1328 (La.4/12/93), 617 So.2d 880; Rosell v. ESCO, 549 So.2d 840 (La.1989). In fact, “where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart, supra; Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990). The issue to be resolved by the reviewing court is not whether the | ¡drier of fact was right or wrong but whether the factfinder’s conclusion was a reasonable one in light of the evidence in the record. Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305; Stobart, supra.
The trial court concluded, and we agree, that the oil spill presented an unreasonable risk of harm to the plaintiff, that the risk of harm was reasonably foreseeable, and that the merchant (Super One) had actual notice of the spill. The trial court further found that Super One exercised reasonable care in its effort to protect patrons, particularly the plaintiff, from the spill. It is this finding that is the basis of contention on appeal. Specifically, the plaintiff argues that while she might be assessed some percentage of fault, Super One is also at fault.
In an ordinary tort action, comparative fault principles govern from the onset. However, for slip and fall cases governed by La. R.S. 9:2800.6, the law requires that the plaintiff prove, as a condition precedent to recovery, the three elements set forth in La. R.S. 9:2800.6(B), which includes the merchant’s failure to exercise reasonable care. When the plaintiff fails to prove the statutorily required elements, there is no need for the comparison of fault because the law does not allow the plaintiff to recover damages from the merchant.
The trial judge was faced with two opposing accounts of what occurred when the plaintiff entered the store and encountered the spill. Unquestionably, there was a wet floor sign in the immediate vicinity of the spill. There was also testimony that stock carts were blocking the area of the spill. The plaintiff testified that she only saw the sign after her fall, and |fishe disputes the presence and location of stock carts in the *1245 area of the spill. However, the primary focus of the dispute is whether Johnson warned the plaintiff of the spill. Johnson and the plaintiff provided differing accounts of whether he warned the plaintiff of the spill.
In deciding that Super One satisfied its duty of care, the trial court relied on the testimony of Johnson, which the court described as “compelling.” It is the factfin-der’s duty to weigh credibility and to accept or reject all or part of a witness’s testimony. Collins v. Shelter Mutual Ins. Co., 36,528 (La.App.2d Cir.12/11/02), 833 So.2d 1166, writ denied, 2003-0124 (La.3/21/03), 840 So.2d 539. Where there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed on appeal. Rosell, supra. The accounts given by the plaintiff and Johnson are not reconcilable on the facts presented, as might be the case if a patron had not heard or not understood a warning. Here, the plaintiff unequivocally testified that she was not warned of the spill. Johnson unequivocally testified that he warned the plaintiff of the spill and “was in her face” when he did so. It was Johnson’s impression that the plaintiff simply ignored the warning. After observing the witnesses and listening to their testimony, the trial judge apparently made .a credibility determination and accepted Johnson’s testimony as true. The plaintiff has not shown the trial court’s determination to be unreasonable. In light of evidence establishing the presence of the wet floor sign in the area of the spill and a verbal warning of the spill given to the plaintiff by Johnson, we find no error in the trial | .¿judge’s conclusion that Super One exercised reasonable care in handling the spill and did not breach the duty of care owed the plaintiff.
CONCLUSION
For the above assigned reasons, we affirm the trial court’s judgment dismissing the claims of Marilyn Tittle against Brook-shires Grocery Company d/b/a Super One Foods. Costs of this appeal are assessed to appellant, Marilyn Tittle.
AFFIRMED.